IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAQUONNE ANTHONY,

PLAINTIFF,

v.

TH LAWN SERVICE,
TONY HARRIS,
JAMES HARRIS,
MARY HARRIS, AND
TIM HARRIS,

DEFENDANTS.

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## COMPLAINT

### I.  JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II.  PARTIES

2.  Plaintiff, Laquonne Anthony, (hereinafter "Plaintiff") is a resident of Bessemer, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant TH Lawn Service, (hereinafter "THL"), is a company registered and doing business in the State of Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has personal jurisdiction over this Defendant, TH Lawn Service.

4. Defendant Tony Harris (hereinafter "T. Harris"), is an individual and owner of TH Lawn Service. T. Harris is a resident of the City of Bessemer, Jefferson County, Alabama, and performed administrative, supervisory, and managerial work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Therefore, this Court has personal jurisdiction over this Defendant, T. Harris.

5. Defendant James Harris, (hereinafter "J. Harris"), is an individual resident of Bessemer, Jefferson County, Alabama, and performed work for the Defendant, TH Lawn Service in the counties composing the Northern District of Alabama during the events of this case. J. Harris is an employer within the meaning of the FLSA, as he directed the operations of the Defendant TH Lawn Service, and exercised day to day supervisory, managerial and/or administrative control over the

Plaintiff as complained of herein in violation of the FLSA. Therefore, this Court has personal jurisdiction over this Defendant, T. Harris.

6.  Defendant Mary Harris, (hereinafter "M. Harris"), is an individual resident of Bessemer, Jefferson County, Alabama, and performed work for the Defendant, TH Lawn Service in the counties composing the Northern District of Alabama during the events of this case. M. Harris is an employer within the meaning of the FLSA, as she directed the operations of the Defendant TH Lawn Service and exercised day to day supervisory, managerial and/or administrative control over the Plaintiff as complained of herein in violation of the FLSA. Therefore, this Court has personal jurisdiction over this Defendant, M. Harris.

7.  Defendant Tim Harris, (hereinafter or "Tim Harris"), is an individual resident of is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant, TH Lawn Service in the counties composing the Northern District of Alabama during the events of this case. Tim Harris is an employer within the meaning of the FLSA, as he directed the operations of the THL, and exercised day to day supervisory, managerial and/or administrative control over the Plaintiff as complained of herein in violation of the FLSA. Therefore, this Court has personal jurisdiction over this Defendant, Tim Harris.

## III. STATEMENT OF FACTS

8. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-7 above.

9. THL is a Lawn Service company that provides landscape services to both commercial and retail customers in the Birmingham metropolitan area.

10. Defendant, THL, hired Plaintiff on or about March 20, 2015 as a landscape maintenance worker.

11. At all times during the employment relationship, Plaintiff mowed lawns, operated a weed eater, and removed landscape vegetation and trees at various locations.

12. Plaintiff does not operate his own personal business of providing landscape services to other entities, and made little or no investment in any of the materials necessary to accomplish the work assigned by THL.

13. Each morning, Plaintiff arrived at THL's main base of operations around 6:30 a.m.

14. After Plaintiff and his co-workers arrived, either J. Harris, M. Harris or Tim Harris transported the workers in a company truck to the day's work site.

15. J. Harris, M. Harris, or Tim Harris supplied the workers with the equipment and materials necessary to complete the work assigned.

16. Defendants required Plaintiff to work 14 hours per day to complete the assigned jobs.

17. Plaintiff rarely worked less than eight hours in a work day.

18. Defendants routinely provided only 15 minutes for Plaintiff to eat his lunch each day.

19. At the end of each work week, M. Harris provided Plaintiff with a check for only $480.00 or $80.00 dollars per day worked, no matter how many hours he worked in excess of 40.

20. During the three years preceding the filing of this complaint, Plaintiff typically worked over forty hours in every work week.

## IV. COUNT ONE – FLSA – OVERTIME VIOLATIONS AGAINST ALL DEFENDANTS

21. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-20 above.

22. During the three years preceding the filing of this Complaint, Defendant THL was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

23. During the three years preceding the filing of this Complaint, Defendant THL has been a company whose employees, including the Plaintiff, are engaged in

interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

24. Defendant's gross annual volume of revenue exceeds $500,000.

25. At all times relevant to this action, THL was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

26. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant THL as defined by 29 U.S.C. § 203(e)(1).

27. Plaintiff, a Landscape Maintenance Employee, was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, using products that originated out of state or outside of the United States that were obtained utilizing credit card and debit card transactions that crossed state lines.

28. During the three years preceding the filing of this Complaint, Defendants recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasions.

29. Defendants failed to pay Plaintiff for all hours worked in excess of forty in a work week.

30. Defendants regularly and routinely scheduled Plaintiff to work beginning at 6:30 a.m., each working day.

31. Defendants regularly and routinely allowed Plaintiff only a 15-minute break to eat lunch on each working day.

32. Defendant regularly and routinely required Plaintiff to work at least 14 hours each working day.

33. Defendant regularly and routinely required Plaintiff to work Monday through Saturday, a six-day workweek.

34. Defendant failed to pay Plaintiff overtime wages for hours in excess of 40 hours.

35. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

V. COUNT II - MINIMUM WAGE VIOLATION - AGAINST ALL DEFENDANTS

36. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-35 above.

37. Plaintiff typically worked over 40 hours in a work week as an employee of Defendants.

38. Plaintiff usually began work each day at 6:30 a.m., and worked a minimum of 13 hours with only a 15-minute break to eat lunch.

39. During the three years preceding the filing of this complaint, Defendants failed to pay Plaintiff the federally mandated minimum wage in one or more weeks in which he worked for a fixed daily rate of $80.00.

40. Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours she worked.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of his back overtime pay, back minimum wage pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 – Facsimile

### PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**SERVE DEFENDANTS AT:**

TH Lawn Service
c/o Registered Agent, Tony Bernard Harris
911 Clarendon Avenue
Bessemer, AL 35020

Tony Harris
1807 Winnepeg Circle
Bessemer, AL 35022

Mary Letitia Harris
52 Pepper Tree Apartments, Apt. 52
Bessemer, AL 35020

Timothy Ray Harris
1224 Heritage Way
Birmingham, AL 35211

James D. Harris
4 Pepper Tree Apartments
Bessemer, AL 35020