FILED

2017 Jul-12  PM 05:30
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LAQUONNE ANTHONY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:17-cv-00960-RDP |
| | ) | |
| | ) | |
| TH LAWN SERVICE, | ) | |
| TONY HARRIS | ) | |
| JAMES HARRIS | ) | |
| MARY HARRIS | ) | |
| TIM HARRIS | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

### I.    JURISDICTION

1.      Defendants TH Lawn Service, Tony Harris, James Harris, Mary Harris, and Tim Harris ["TH Lawn Service or defendants"] admit that the Plaintiff seeks to pursue a claim under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201 et. Seq. but denies any liability to Plaintiff under the statute or any other authority.

### II.    PARTIES

2.      TH Lawn Service admits that Anthony was in a probationary employment status and did work for the TH Lawn Services but denies any liability to Anthony.

3.     Admit that TH Lawn Service is a company but denies that the entity

qualifies as being engaged in commerce as defines by the FLSA. See 29 U.S.C.

203 (s)

(1)"Enterprise engaged in commerce or in the production of goods for commerce"
means an enterprise that—
(A)
(i)
has employees engaged in commerce or in the production of goods for commerce,
or that has employees handling, selling, or otherwise working on goods or
materials that have been moved in or produced for commerce by any person; and
(ii)
is an enterprise whose annual gross volume of sales made or business done is not
less than $500,000 (exclusive of excise taxes at the retail level that are separately
stated).

TH Lawn Service's annual gross sales volume is less than $500,000.00

4.     Admit that Mr. Tony Harris is the owner of the company but denies any

liability to Laquonne Anthony.

5.     The allegations of paragraph 5 are denied.

6.     The allegations of paragraph 6 are denied.

7.     The allegations of paragraph 7 are denied.

8.     The allegations of paragraph are repetitive and any liability to Laquonne

Anthony is denied.

9.     Admit.

10.     Anthony was hired as a probationary employee on March 31, 2017, not

March 20, 2015.

11.     Admit in part that Anthony operated weed eater and removed vegetation but

deny that he operated a mower.

12.     The defendants are without knowledge sufficient to form a belief as to the

truth of the allegations of paragraph 12 and, therefore, they are denied.

13.     The allegations of paragraph 13 are denied.

14.     The allegations of paragraph 14 are admitted.

15.     The allegations of paragraph 15 are admitted.

16.     The allegations of paragraph 16 are denied.

17.     The allegations of paragraph 17 are denied.

18.     The allegations of paragraph 18 are denied.

19.     The allegations of paragraph 19 are denied. TH Lawn Service did pay

$80.00 per day, to the extent paragraph 19 makes other allegations they are denied.

20.     The allegations of paragraph 20 are denied as to the named defendants.

Defendants are unaware where Mr. Anthony worked prior to March 31, 2017.


**COUNT ONE-FLSA-OVERTIME ALLEGATIONS AGAINST ALL
DEFENDANTS**

21.     The allegations of paragraph are repetitive and have been answered.

22.     The allegations of paragraph 22 are denied.

23.     The allegations of paragraph 23 are denied.

24.     The allegations of paragraph 24 are denied.

25.     The allegations of paragraph 25 are denied.

26.     The allegations of paragraph 26 are denied.

27.     The allegations of paragraph 27 are denied.

28.     The allegations of paragraph 28 are denied.

29.     The allegations of paragraph 29 are denied.

30.     The allegations of paragraph 30 are denied.

31.     The allegations of paragraph 31 are denied.

32.     The allegations of paragraph 32 are denied.

33.     The allegations of paragraph 33 are denied.

34.     The allegations of paragraph 34 are denied.

35.     The allegations of paragraph 35 are denied.

## COUNT II – MINIMUM WAGE VIOLATION AGAINST ALL DEFENDANTS

36.     The allegations of paragraph 36 have been responded too.

37.     The allegations of paragraph 37 are denied.

38.     The allegations of paragraph 38 are denied.

39.     The allegations of paragraph 39 are denied.

40.     The allegations of paragraph 40 are denied.

## VI. PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any of the relief requested in the

Complaint, including the relief requested in paragraphs A-D.

Unless specifically admitted herein, all remaining factual allegations of the

Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants do not have the annual revenue to be covered by the Fair Labor

Standards Act provisions with respect to overtime.

### SEOND DEFENSE

To the extent that Plaintiff alleges that any of Defendant's employees acted in an

unlawful manner, such conduct, if it occurred, was outside of the course and scope

of that individual's employment, was not authorized or condoned by management.

### THIRD DEFENSE

Plaintiff's claims are barred by § 10 of the Portal-to-Portal Act, 29

U.S.C. § 259, because Defendants relied in good faith on, and acted in conformity

with, written interpretations of the FLSA promulgated by the Secretary of Labor

and on the stated administrative practices and enforcement policies of the

Department of Labor.

### FOURTH DEFENSE

To the extent Plaintiff's claims are based on any acts that occurred prior to any

applicable statute of limitations, Plaintiff's claims are time-barred.

### FIFTH DEFENSE

To the extent that Defendants discover any additional facts which would have warranted any adverse action against Plaintiff, Plaintiff's claims and/or recovery may be barred in whole or in part because of after-acquired evidence of wrongful conduct. *See McKennon v. Nashville Banner Publ'g, Co.*, 531 U.S. 352 (1995); *Wallace v. Dunn Construction Co.*, 62 F. 3d 374 (11th Cir. 1995).

## SIXTH DEFENSE

Plaintiff's claim for liquidated damages is barred because Defendant acted in good faith at all times and had reasonable grounds for believing its conduct was lawful.

**WHEREFORE**, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendants their costs, expenses, legal fees, and any and all other relief the Court deems just and proper.

Respectfully submitted,

s/ Lee Winston
s/ Roderick Cooks
Attorney for Defendants

**OF COUNSEL:**

**WINSTON COOKS, LLC**
505 20th Street North, Suite 815
Birmingham, AL 35203
Telephone: 205.502.0940
lwinston@winstoncooks.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed with the Court's Electronic Filing System which will notify:

Allen D. Arnold, Esq.
Kira Fonteneau, Esq.
Fonteneau & Arnold, LLC
2151 Highland Avenue South Ste. 205
Birmingham, AL. 35205

This the 12th of July 2017

s/Lee Winston
OF COUNSEL